### No. 811
### KELLEY v. DAVIES

Ohio Appeals, 8th Dist., Cuyahoga County
No. 5242.   Decided Sept. 29, 1924

**703.  LANDLORD AND TENANT—1. Failure to aver and prove that a landlord reserved control of a back porch of an apartment building precludes recovery for injuries caused by a defective railing on such porch.**

**2. Averment that such back porch was used in common by tenants fails to connect the landlord as a party to such use.**

SULLIVAN, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

An action was brought in Cuyahoga Common Pleas by the father of an infant of two years injured by a defective railing of back porch in a ten-suit apartment. The third amended petition upon which trial was had was attacked by demurrer on the ground that it did not state facts sufficient to constitute a cause of action. A judgment for $8,000 was rendered. Reversing the trial court, the Court of Appeals held:

1. Failure to aver and prove that the landlord reserved the control of the back porch of an apartment building precludes recovery for an accident caused by a defective railing on such porch.

2. Averment that the back porch of an apartment building was used in common by tenants does not connect the landlord as a party thereto.

Attorneys—T. J. Ross, Esq., for Kelley; Sanborn, McConnell & Rich, for Davies.

---

### No. 812
### KENNEDY, Admr., v. BYERS

Ohio Appeals, 4th Dist., Franklin County
No. 1136.   Jan. 22, 1924

**118.  AUTOMOBILES—School limits ordinance is properly stricken from petition not alleging that school was in session on day injury occurred.**

KUNKLE, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Action to recover damages for the wrongful death of a boy 10 years old, wherein John H. Kennedy, administrator, was plaintiff and George W. Byers was defendant. The boy was killed by being struck by defendant's automobile. The petition contained the provisions of a city ordinance commonly known as the school ordinance limiting the speed of vehicles in certain localities. On motion, the lower court struck the ordinance from the petition. The trial resulting in a verdict and judgment for defendant, plaintiff prosecuted error, contending among other things that the court erred in striking said ordinance from the petition. Held:

The petition did not aver that the accident occurred on a school day and the undisputed evidence was that the school in question was not in session on the day on which the boy was injured. When the purpose of the ordinance is considered, we are of the opinion that there was no prejudicial error in striking the ordinance from the petition. Judgment affirmed.

Attorneys—F. S. Monnett, for Kennedy; Wilson & Rector, for Byers; all of Columbus.